Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8074 | **DATE** | 7/5/2001 |
| **CASE TITLE** | JAMES PILLAR vs. EXELON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's moti[on] venue is granted. It is ordered that the case be transferred to the Central District of Illinois Division.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | |
|---|---|---|
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | JUL 0 6 2001 date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| | | 01 JUL -5 PM 5:00 |
| LG | courtroom deputy's initials | date mailed notice |
| | Date/time received in | |

# UNITED STATES DISTRICT COURT,
# NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION.

| | |
|---|---|
| JAMES PILLAR, RICKY DUNBAR, AUBREY W. CLAY, DENNIS GIBBS, and JULIUS THORNTON, ) ) ) ) ) Plaintiffs, ) ) v. ) ) EXELON, f/k/a COMMONWEALTH ) EDISON COMPANY, ) ) Defendant. ) ) | Case No. 00 C 8074<br><br>The Honorable John W. Darrah<br><br>FILED<br>JUL - 6 2001 |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Exelon's Motion to Transfer Venue. For the reasons stated herein, Defendant's Motion is GRANTED.

### BACKGROUND

On March 12, 2001, Plaintiffs James Pillar, Ricky Dunbar, Aubrey W. Clay, Dennis Gibbs, and Julius Thornton ("Plaintiffs") filed suit against Defendant Exelon ("Defendant" or "Exelon") in the Northern District of Illinois for discrimination, retaliation, and hostile work environment in violation of Title VII, 42 U.S.C. § 2000(e) et seq. and 42 U.S.C. § 1981. The alleged conduct which forms the basis of this suit took place while Plaintiffs were employees of Defendant at its Quad Cities facilities.

Plaintiff James Pillar resides at 3126 18th Ave., Rock Island, Illinois, in the Central District of Illinois. Plaintiff Ricky Dunbar resides at 5607 Summer Meadow Pass, Stone Mountain, Georgia.

-1-



Plaintiff Aubrey Clay resides at 6033 Jebens Ave., Davenport, Iowa. Plaintiff Dennis Gibbs resides at 2860 East 32nd St., Davenport, Iowa. Plaintiff Julius Thornton resides at 1020 21st Ave., Rock Island, Illinois, in the Central District of Illinois. Defendant Exelon is a Pennsylvania corporation authorized to transact business in the State of Illinois.

## DISCUSSION

Defendant Exelon's Motion for Change of Venue requests an Order transferring this action to the United States District Court for the Central District of Illinois, Rock Island Division. In its Motion, Defendant alleges that (1) all the material events giving rise to Plaintiffs' claims occurred in the Central District of Illinois, (2) the Central District of Illinois is a more economical and convenient forum for the prospective witnesses and parties, and (3) all sources of proof in this matter are located in the Central District of Illinois.

28 U.S.C. § 1404 governs requests for changes in venue. It states in relevant part:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The party seeking a transfer under section § 1404(a) bears the burden of establishing that: (1) venue is proper in the transferor district; (2) venue is proper in the transferee forum; and (3) the transfer is for the convenience of the parties and the witnesses and is in the interests of justice. *Gen 17, Inc., v. Sun Microsystems, Inc.*, 953 F.Supp. 240, 241 (N.D.Ill 1997)(citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986)).

Venue is proper here since Exelon is subject to personal jurisdiction in the Northern District of Illinois. 28 U.S.C. § 1391(c). Venue is also proper in the Central District of Illinois since a "substantial part of the events or omissions giving rise to the claim occurred" in that district. 28

U.S.C. § 1391(b)(2). Next, the public and private interests involved must be weighed to determine how transfer would affect the convenience of the parties and witnesses as well as the interests of justice. *Coffey*, 796 F.2d at 219. The private interests of the witnesses and parties weigh in favor of transfer: (1) Plaintiffs' choice of forum is entitled to little deference because it is not their home forum, and a substantial portion of the conduct forming the basis of this lawsuit occurred in the Central District of Illinois, *see FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F.Supp. 1307, 1311 (N.D.Ill. 1993); (2) four of the five Plaintiffs reside within or near the Central District of Illinois; (3) a clear majority of the witnesses who will testify in the matter reside in the Central District of Illinois.

Consideration of the "interests of justice" weighs in favor of transfer. "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system." *Coffey*, 796 F.2d at 220. These factors include speed of disposition, judicial familiarity with the relevant law, and the community's interest in having a dispute resolved in a particular forum. *Id.*

Although, statistically speaking, cases move to trial quicker in the Central District of Illinois, they are resolved sooner in the Northern District. *See* LEONIDAS MECHAM, JUDICIAL BUSINESS OF THE UNITED STATES COURTS, 166, 183 (2000). As to judicial familiarity with the relevant law, judges in either district are equally familiar with the law regarding Title VII and § 1981 claims. However, the interest of justice would be served by transferring the case to the district where the majority of the conduct upon which the claims are based occurred. *See e.g., Anchor Wall Systems, Inc. v. R & D Concrete Products, Inc.*, 55 F.Supp.2d 871, 875 (N.D. Ill. 1999)("However, because the plaintiff's action has no significant connection to this forum, the interest of justice would be

better served by transferring the action to ... where the situs of material events occurred.").

Lastly, Plaintiffs argue that the interest of justice would be served by retaining the case in the Northern District of Illinois since a jury in the Northern District would allegedly be more diverse than one in the Central District of Illinois. However, demographic makeup of potential juries is not a proper factor to be considered in a § 1404(a) analysis. Litigants "are not entitled to a jury of any particular composition." *Taylor v. Louisiana*, 419 U.S. 522, 530, 538 (1975).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer Venue is GRANTED. It is ordered that the case be transferred to the Central District of Illinois, Rock Island Division. Case is terminated. **IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: July 5, 2001